UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-102 JD |
| DONTA D. BRIDGES | |

**OPINION AND ORDER**

Defendant Donta Bridges has requested leave from the Court to file a pretrial motion to suppress evidence. (DE 79.) The motion to suppress evidence is based on an allegedly unconstitutional delay between the date a search warrant was signed and the date the search warrant was executed. (DE 80 at 4.) However, the Defendant does not explain why it has taken him nearly three years since the commencement of this case to file this suppression motion. (DE 1.)

Under Federal Rule of Criminal Procedure 12(c)(1), a Court is allowed to "set a deadline for the parties to make pretrial motions[.]" The Court did just that in its discovery order, ordering that "[a]ll pretrial motions . . . be filed **no later than January 13, 2020.**" (DE 12 at 6.) Because this motion was filed on October 6, 2022, it is untimely. "Federal Rule of Criminal Procedure 12(c)(3) imposes an antecedent good-cause requirement when a defendant fails to file a timely motion to suppress." *United States v. McMillian*, 786 F.3d 630, 636 (7th Cir. 2015). The Seventh Circuit has previously found that where a Defendant files an untimely motion and "does not suggest that he lacked the information necessary to make" the argument in a timely fashion, then this "[w]ould ordinarily preclude a finding of good cause." *United States v. Jackson*, 5 F.4th 676, 682 (7th Cir. 2021) (holding that the district court did not abuse its discretion in denying Defendant's "untimely request" because he failed to "suggest that he lacked the information

necessary to make" his argument before the deadline). Other Circuits have held the same. *United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020) ("[T]he law is clear that no good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date."); *United States v. Baker*, 713 F.3d 558, 561 (10th Cir. 2013) ("We [have] cited with approval the Fourth Circuit's ruling that good cause was lacking when '"the record show[ed] that sufficient information was available to defense counsel before trial that would have enabled him to frame his [argument for] suppression."'").

Because Defendant has not provided any explanation for why this motion is untimely, the Court gives the Defendant until close of business on Monday, October 10, 2022, to file a supplement to his motion requesting leave. (DE 79.) This supplement should explain why there is good cause to consider the suppression motion and why counsel lacked the information necessary to file this motion in a timely fashion.

SO ORDERED.

ENTERED: October 7, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court