UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-102 JD |
| DONTA D. BRIDGES | |

**OPINION AND ORDER**

On October 6, 2022, Defendant Donta Bridges requested leave to file a motion to suppress. (DE 79.) The Court then issued an order explaining that the motion to suppress was untimely. (DE 81.) However, the Court granted Bridges leave to supplement his prior filing and explain why there was good cause to consider the untimely suppression motion. Bridges filed his supplement on October 10, 2022, and the Government filed its response. (DE 82; DE 88.)

As the Court explained in its prior order, Bridges' motion to suppress is clearly untimely. Pursuant to Federal Rule of Criminal Procedure 12(c)(1), the Court previously ordered that "[a]ll pretrial motions . . . be filed no later than January 13, 2020" (DE 12 at 6.) This makes the motion to suppress more than two years late. The Court may only consider this untimely motion if the Defendant demonstrates good cause for the late filing. *United States v. McMillian*, 786 F.3d 630, 636 (7th Cir. 2015) ("Federal Rule of Criminal Procedure 12(c)(3) imposes an antecedent good-cause requirement when a defendant fails to file a timely motion to suppress.").

Bridges' supplement argues that he has good cause to file this untimely motion because "the affidavit of probable cause for the search warrant [and] the warrant itself . . . were not stamped with a date of filing with the Court, did not indicate a court cause number and did not indicate which court had issued the warrant." (DE 82 ¶ 14.) According to Bridges, this was significant because his Counsel, Mr. Michael Tuszynski, "had labored under the belief that the

search warrant had been issued . . . within one or two days of November 8, 2022, which was the day the warrant was executed." (*Id.* ¶ 15.) It was not until counsel happened to contact the Laporte County Circuit Court Clerk's office on October 2, 2022, concerning another issue, that he learned that the search warrant was actually signed on November 2, 2019. (*Id.* ¶ 16.) Due to his counsel only recently learning about the date of the signature on the warrant, Bridges asserts that good cause exists. (*Id.* ¶ 22.)

The Government argues that good cause does not exist because "[t]he search warrant affidavit and redacted version of the search warrant were produced to the defense in October of 2021." (DE 88 ¶ 9.) Specifically, on October 27, 2021, the Government produced to Mr. Tuszynski the probable cause affidavit in support of the search warrant, which referenced a November 1, 2019, drug transaction. (*Id.* ¶ 3.) At the Final Pretrial Conference, Mr. Tuszynski agreed that he had this probable cause affidavit on October 27, 2021. (DE 91.) Given that Mr. Tuszynski had this affidavit, the Government asserts that "[t]he defense had sufficient information from the production to file a motion for relief earlier than October of 2022." (*Id.*)

The Court agrees with the Government and finds that Bridges has not demonstrated good cause to consider this untimely motion. Where a Defendant files an untimely motion and "does not suggest that he lacked the information necessary to make" the argument in a timely fashion, then this "[w]ould ordinarily preclude a finding of good cause." *United States v. Jackson*, 5 F.4th 676, 682 (7th Cir. 2021) (holding that the district court did not abuse its discretion in denying Defendant's "untimely request" because he failed to "suggest that he lacked the information necessary to make" his argument before the deadline). Other Circuits have held the same. *United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020) ("[T]he law is clear that no good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the

date set for pretrial motions, but failed to file it by that date."); *United States v. Baker*, 713 F.3d 558, 561 (10th Cir. 2013) ("We [have] cited with approval the Fourth Circuit's ruling that good cause was lacking when '"the record show[ed] that sufficient information was available to defense counsel before trial that would have enabled him to frame his [argument for] suppression."'").

By October 27, 2021, Mr. Tuszynski had all the information needed to move the Court to suppress evidence derived from the November 8, 2019, search at 510 Bridgeton Street, Laporte, Indiana. Mr. Tuszynski incorrectly focuses on the date the warrant was signed as the critical date. However, the date the warrant was signed is largely irrelevant to the suppression question. For example, if the search warrant had been signed on November 1st (rather than November 2nd), based on the probable cause affidavit concerning a drug transaction on November 1st, and the search warrant was executed on November 8th, the test to determine whether a "delay" made the warrant defective is whether probable cause still existed at the time the warrant was executed. *United States v. Belzer*, 743 F.2d 1213, 1221 (7th Cir. 1984). Similarly, if the warrant had been signed on November 7th (rather than November 2nd), based on a probable cause affidavit concerning a drug transaction on November 1st, and the search warrant was executed on November 8th, the test to determine whether the magistrate issued the search warrant would be "whether the magistrate had a substantial basis to conclude that probable cause existed." *United States v. Rees*, 957 F.3d 761, 765 (7th Cir. 2020). Regardless of the date the search warrant was signed, the inquiry is focused on the underlying probable cause for the warrant. When Mr. Tuszynski received the probable cause warrant on October 27, 2021, he became aware that it was based on one drug transaction that occurred on November 1st. (DE 80.) He was also long aware that the search warrant was executed on November 8, 2019. (DE 88 ¶ 2.) At this time, Mr.

Tuszynski should have known that the information contained in the probable cause affidavit may have been stale when the warrant was signed (i.e., if the warrant had been signed on November 7, 2019) or have went stale given a delay in execution (i.e., if the warrant had been signed on November 2, 2019). Given that Mr. Tuszynski could have raised this issue nearly a year ago, the Court finds that good cause does not exist.

The Court also notes that Mr. Tuszynski, at the Final Pretrial Conference, acknowledged several facts supporting the finding that good cause is lacking. First, he acknowledged that, on October 27, 2021, he received the probable cause affidavit on which the search warrant was based and that this notified him of the information underlying the warrant. Second, he acknowledged that prior to October 27, 2021, he knew that the search was conducted on November 8th. Meaning, any issue with this probable cause affidavit should have been apparent to Mr. Tuszynski on October 27, 2021, which was almost a year ago. The Seventh Circuit has denied leave to file in cases involving similar delays. *See United States v.* Suggs, 703 Fed. App'x. 425 (7th Cir. 2017) (finding that good cause did not exist where the defendant filed suppression motion five months after deadline); *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (concluding that good cause didn't exist where newly appointed counsel never requested extension and filed motion to suppress four months after appointment); *United States v. Kirkland*, 567 F.3d 316, 322 (7th Cir. 2009) (upholding district court's refusal to consider ground for suppressing evidence that defendant first raised a month after deadline without explaining delay).

Furthermore, this case has been continued ten separate times. (DE 16; DE 19; DE 22; DE 25; DE 27; DE 30; DE 33; DE 37; DE 67; DE 76). The Seventh Circuit has previously considered the number of continuances when determining whether there was good cause to

4

accept an untimely submission. *See Suggs*, 703 F. App'x at 428 ("The court reasonably refused to grant another continuance to consider the motion, given that it already had granted four continuances, adding up to 11 months of delay attributable to Suggs.").

Accordingly, the Court finds that there is not good cause to consider Bridges' motion to suppress. (DE 80.) The Court DENIES the motion for leave to file and the motion to suppress. (DE 79; DE 80.) The Court also DENIES Bridges' motion to supplement, given that it requests that the Court find good cause. (DE 82.)

SO ORDERED.

ENTERED:

/s/ JON E. DEGUILIO
Chief Judge
United States District Court