UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:19-CR-102 JD

DONTA D. BRIDGES

**OPINION AND ORDER**

On January 28, 2022, the Government filed its second notice to include evidence in relation to Federal Rule of Evidence 404(b). (DE 57.) In this notice, the Government indicated that it anticipates a confidential informant will testify that she saw a "black holstered handgun" lying on Bridges' coffee table on September 21, 2019. (*Id.* at 2.) Specifically, the notice represents that the witness will testify that this gun was the same Smith & Wesson 9mm pistol that Bridges is charged with possessing. (DE 68 at 5; DE 57 at 6.) The Government also anticipates that the informant will testify she saw something resembling a handgun in Bridges' pocket on September 23, 2019. (DE 57 at 2.) While the informant did not see the model of the handgun, she noticed the shape of it in Bridges' pocket as they went to purchase drugs. (*Id.*)

Defendant argues that the above testimony is inadmissible under Rule 404(b) because it "can only be offered to show the defendant's propensity for committing said offenses[.]" (DE 97 at 2.) The Court disagrees. The Seventh Circuit has explained that Rule 404(b) "allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). The expected testimony from the informant regarding the Smith & Wesson at Bridges' home on September 21, 2019, as well as the expected testimony regarding the shape of the handgun in Bridges' pocket on

September 23, 2019, both have permissible non-propensity purposes. The Court examines each category of evidence in turn.

First, the evidence that the confidential informant saw the Smith & Wesson at Bridges' home on September 21, 2019, is admissible as evidence that Bridges possessed the gun during the time frame alleged in the indictment. The indictment alleges that Bridges possessed the gun between September 23, 2019, and November 8, 2019. (DE 68 at 6.) Evidence that Bridges possessed the Smith & Wesson on September 21st, coupled with the evidence that the police retrieved the gun in a search of Bridges' home on November 8th, helps to establish that Bridges possessed the gun between those dates. This is because the uncharged possession on September 21, 2019, was relatively close to the charged possession between September 23, 2019 and November 8, 2019. Furthermore, the uncharged possession also involved the same gun. Evidence that the defendant recently possessed the same gun as that in the charged offense helps to prove that a Defendant possessed the gun in the charged offense. *See United States v. Washington*, 962 F.3d 901, 906 (7th Cir. 2020) (noting that the Seventh Circuit has "approved the admission of evidence of the defendant's prior, uncharged possession of a gun under Rule 404(b) where the prior possession was recent and involved the same gun"). Such evidence "is relevant for the permissible nonpropensity purpose to show that the defendant owned or at least had the ability to exercise control over the charged gun." *Id.* (quotation marks and citations omitted). In *Washington*, for instance, the Seventh Circuit found that a three-month old video of Defendant holding the same gun as that in the charged offense did not run afoul of Rule 404(b), since "evidence of recent past possession of the same gun is admissible for a non-propensity purpose[.]" *Washington*, 962 F.3d at 906. Here, the evidence likely has even more probative value than in *Washington*, given that the alleged possession of the firearm was only two days

2

before the possession alleged in the charged offense. Given the significant probative value of this evidence, helping to establish possession between the charged dates, the Court also finds that it outweighs any risk of the unfair prejudice under Rule 403.

The informant's expected testimony that Bridges was carrying a firearm in his pants pocket to a drug deal on September 23, 2019, is also admissible. Count 5 of the superseding indictment requires that the Government prove Bridges possessed a firearm in furtherance of a drug trafficking crime. (DE 68 at 5.) Meaning, the Government has to establish a "specific nexus between the particular weapon and the particular drug crime at issue." *U.S. v. Castillo*, 406 F.3d 806, 815 (7th Cir. 2005). "[A] possessed gun can forward a drug-trafficking offense by providing the dealer, his stash or his territory with protection." *United States v. Duran*, 407 F. 3d 767 (7th Cir. 2010). One of the factors relevant to determining if a gun is being used for protection is proximity to drugs. *Id*. As the Government explains in its notice, the fact that Bridges took a firearm to a drug deal (even if it could not be identified as the Smith & Wesson) helps establish that he was not possessing firearms for an innocent purpose, but rather that his motive for possessing firearms was protection. (DE 57 at 7.) A similar chain of propensity-free logic was laid out in *United States v. Schmitt*, 770 F.3d 524, 534-35 (7th Cir. 2014). There, the Seventh Circuit held that "[b]y introducing evidence that Schmitt was a drug dealer and had large quantities of drugs in his home when he was arrested, the government was not asking the jury to believe that because Schmitt was the type of person who would break the law once, he must be the type of person who would break the law again . . . Instead, the government was asking the jury to use the evidence to find that [the defendant] had a gun because he was a drug dealer [and] that is a proper inference for the jury to draw from other-act evidence." *Id.* Additionally, because it appears that Defendant is disputing intent as to these counts, the probative value of this

3

evidence appears high. *United States v. Morgan,* 929 F.3d 411, 429 (7th Cir. 2019) ("Morgan disputed intent but conceded possession, therefore the probative value of the evidence of intent was high.").

The evidence of the gun in Bridges' pocket on September 23, 2019, also helps to prove that Bridges possessed the Smith & Wesson, which is an element to both Count Five and Count Six. In *Schmitt*, the Court found that motive was relevant to proving a felon-in-possession charge, because "proof of motive is one way to establish constructive possession in joint residence cases[.]" 770 F.3d 524, 534–35 (7th Cir. 2014). In the instant case, the Government indicated at the final pretrial conference and in its statement of the case that Bridges was married. Therefore, the fact that he had a motive for having this gun (to protect himself during drug dealing) helps to show that this was, in fact, his gun, and not his wife's, without relying on a propensity inference. The Court also notes that the evidence regarding the gun in Bridges' pocket is not being introduced for the same purpose as the testimony regarding the Smith & Wesson seen on Bridges' counter on September 21, 2019. Rather than demonstrating that Bridges had previous ownership and control over the Smith & Wesson, like the testimony concerning the gun on September 21st, the testimony concerning the gun-shaped object in Bridges' pants on September 23rd helps to show that Bridges had a motive to possess a gun (to protect himself at drug deals), which could be highly relevant to possession in a joint-residence case. However, the Court advises the Government that it should refrain from arguing that the gun shaped object demonstrates that Bridges previously had ownership of and control over the Smith & Wesson or some other gun as a means of showing propensity. *See Washington*, 962 F.3d 906 ("We [have] cautioned, however, that evidence of a defendant's prior possession of a *different*

4

gun was substantially more likely to be used for the impermissible purpose of showing a propensity to possess guns.").

Given that this evidence helps establish both intent and possession as it relates to Count Five and Count Six, the Court finds that its probative value is not substantially outweighed by the risk of unfair prejudice under Rule 403. The Court also notes that the jury can be instructed on the limited purposes for which they can consider this evidence. That point can also be reinforced by the Court through the final instructions, and by counsel during closing arguments. Given the probative value of this evidence to disputed elements of two of the charges in this case, the risk that the jury will be unable to heed those instructions does not substantially outweigh the probative value.

Accordingly, the Court finds that the testimony from the confidential informant regarding the Smith & Wesson 9mm pistol lying on Bridges' coffee table on September 21, 2019, and the testimony that the informant saw something in the shape of a handgun in Bridges pocket on September 23, 2019, are both admissible under Rule 401, Rule 403, and Rule 404(b).

SO ORDERED.

ENTERED: October 19, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court