UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-102 JD |
| DONTA D. BRIDGES | |

## OPINION AND ORDER

After a trial, the jury found Defendant Donta Bridges guilty of five counts of a six-count Superseding Indictment:

- Counts 1 and 3—knowingly distributing a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1);

- Count 2—knowingly attempting to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and 846;

- Count 4—knowingly possessing with intent to distribute controlled substances, including mixtures and substances containing a detectable amount of heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and

- Count 6—possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

The jury acquitted Mr. Bridges of Count 5 which charged him with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(C)(i).

In advance of the sentencing hearing, Mr. Bridges filed three objections to the presentence report ("PSR"). Mr. Bridges first argues that the PSR should not have assessed a 2-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining the premises for the purpose of distributing controlled substances. In his second objection, Mr. Bridges asserts that he should

not be receiving a 4-level enhancement under § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. For his final objection, Mr. Bridges maintains that he is not a career offender under § 4B1.1. For the reasons explained below, the Court will overrule Mr. Bridges's objections.

### A.  Factual Background

In September and November 2019, the LaPorte County Drug Task Force conducted three controlled drug buys from Mr. Bridges, using a confidential informant ("CI"). The first two purchases took place at Mr. Bridges's residence; the third purchase happened near his residence. The first purchase netted heroin laced with fentanyl and meth compound. The second purchase contained only Xylazine, a non-controlled substance used as an animal tranquilizer. The final purchase contained heroin.

On November 8, 2019, a search warrant was executed at Mr. Bridges's residence. Upon entering the house, police saw Mr. Bridges sitting in a chair and another man on a couch. After Mr. Bridges was detained, police spotted a gun in the chair where he was sitting. The chair was within arm's reach of various controlled substances. Police also recovered three scales with cocaine residue and 9 mm Luger bullets. Later tests showed that Mr. Bridges's DNA was present on the gun.

Mr. Bridges's wife told police that he had been released from prison a few months earlier and had been dealing heroin since then. A CI testified at trial that she had seen other drug customers in Mr. Bridges' residence in the past and had seen his pistol on the table during a prior drug transaction. The CI also believed that Mr. Bridges was armed during a drug transaction in Fort Wayne.

Mr. Bridges has two prior felony drug convictions. He was first convicted on September 1, 2004, in this district, in case number 1:04-CR-3, for possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1). He was sentenced to 84 months of imprisonment on this conviction and to consecutive 84 months on a related charge of knowingly using or carrying a firearm during and in relation to a drug trafficking crime. Later, his sentence for the drug conviction was reduced to 60 months of imprisonment. Mr. Bridges's supervised release was revoked on January 31, 2018, and he was sentenced to 20 months of imprisonment.

His second felony drug conviction is from LaPorte Superior Court for dealing in cocaine or narcotic drug in violation of Indiana Code 35-48-4-1(a)(1)(C). On May 13, 2016, he was sentenced to 4 years of imprisonment with the Indiana Department of Correction.

**B. Discussion**

The Court will start its discussion with Mr. Bridges's third objection. The PSR states that Mr. Bridges is a career offender under § 4B.1 of the sentencing guidelines and, pursuant to § 4B1.1(b)(2), his total offense level is 34, and his criminal history category is VI. (PSR, DE 125 ¶¶ 19, 30, 48, & 79.) Mr. Bridges objects to this characterization, arguing that his prior federal drug conviction should not be counted because the offense conduct for that conviction occurred more than 15 years before the offense conduct in the instant case. Mr. Bridges's objection has no basis in law.

Section 4B1.1 controls the determination of a career offender status.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§ 4B1.1(a).

> Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.[1]

§ 4B1.1(b).

There's no dispute that Mr. Bridges was at least 18 years old when he committed the instant offenses of conviction.[2] Neither does he dispute that the instant drug offense convictions and his previous two drug convictions are felonies that are controlled substance offenses.[3] Finally, Mr. Bridges is not arguing that he is not subject to a statutory maximum term of imprisonment of more than 25 years.[4] Instead, he argues that the prior federal drug conviction is too old to be counted under § 4B1.1. He provides no authority in support of his contention.

---

[1] The table referred in this subsection assigns offense level 34 for any offense that has a statutory maximum of "25 years or more" but less than life. § 4B1.1(b)(2).

[2] At the end of 2019, when the instant drug offenses were committed, Mr. Bridges was 36 years old.

[3] "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution . . . of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute . . . ." § 4B1.2(b). Mr. Bridges's convictions in Counts 1–4 fit this definition. *Cf. United States v. Liddell*, 492 F.3d 920, 922 (7th Cir. 2007) ("[The defendant] also satisfies the second element [of § 4B1.1(a)] because the offense alleged in Count One—possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(B)—is a felony controlled substance offense."). So does his previous conviction in this district, in case number 1:04-CR-3, for possession with intent to distribute cocaine base; and his state court conviction for dealing in cocaine or narcotic drug under Indiana Code § 35-484-1(a)(1)(C), *see United States v. Smith*, 921 F.3d 708, 713 (7th Cir. 2019) ("Here, the district court explained that a conviction under Indiana Code § 35-48-4-1 qualifies as a controlled substance offense regardless of whether the categorial or modified categorical approach applied. We agree. Arguably, the statute has the same elements as § 4B1.2(b), so the career-offender enhancement should apply under the categorical approach."); *United States v. Carter*, No. 20-2520, 2021 WL 3674654, at *1 (7th Cir. May 6, 2021), cert. denied sub nom. *Wallace v. United States*, 211 L. Ed. 2d 194, 142 S. Ct. 362 (2021) (affirming district court's holding that defendant's prior Indiana conviction for dealing cocaine, under Indiana Code § 35-48-4-1, involved a "controlled substance" under the Sentencing Guidelines and thus increased his sentencing range).

[4] Before trial, the Government filed a 21 U.S.C. § 851 notice which increased the statutory maximum for the counts of conviction under the Controlled Substances Act from 20 to 30 years of imprisonment. This notice will be addressed separately at the sentencing hearing.

4

The federal conviction is timely for the purpose of qualifying Mr. Bridges as a career offender. Section 4A1.2 applies to the counting of prior convictions under the career offender section. U.S.S.G. § 4B1.2 app. note 3. Under § 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." § 4A1.2(e)(1). In addition, the courts must count "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." *Id*. Here, Mr. Bridges was sentenced on his prior federal conviction on November 22, 2004 (PSR, DE 125 ¶ 42), that is, 14 years, 11 months, and 17 days before he was arrested on November 8, 2019, for the offenses here. As a result, the prior federal conviction falls within the 15-year window for counting. Although Mr. Bridges asks the Court to count the 15-year period from the commencement of the instant offense to the commencement of the previous offense, § 4A1.2(e)(1) explicitly refers to a prior sentence of imprisonment, not the offense conduct. *See United States v. Wade*, 579 Fed. Appx. 520, 521 (7th Cir. 2014) ("A prior offense may be considered as a predicate offenses for career-offender purposes if it was the basis for the defendant being incarcerated during the 15 years preceding the commencement of the instant offense."). What is more, the prior federal conviction is also counted because Mr. Bridges's incarceration for that conviction fell within the fifteen-year period. In fact, because his supervised release was revoked in 2018, he finished serving his term of imprisonment arising out of that sentence on June 17, 2019, just months before committing the instant offenses. *See* U.S.S.G. § 4A1.2(k)(2)(A) (for calculating time periods for a revocation, use the date of the last release from incarceration).

In summary, the PSR correctly states that Mr. Bridges is subject to a career offender enhancement and that his offense level is 34 with criminal history category of VI.

This, in turn, renders Mr. Bridges's two remaining objections moot. In those objections, Mr. Bridges argues that the PSR should not have assessed a 2-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining the premises for the purpose of distributing controlled substances and that he should not be receiving a 4-level enhancement under § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. While trial evidence contradicts both of Mr. Bridges's contentions, even if he were to prevail on these objections and could reduce his current adjusted offense level of 28 (PSR, DE 125 ¶ 29), his qualification as a career offender independently establishes a higher offense level of 34, "making this finding irrelevant for the purpose of *increasing* his offense level." *United States v. Major*, 33 F.4th 370, 380 n.2 (7th Cir.) (citing *United States v. Collins*, 352 F. App'x 96, 98 (7th Cir. 2009) (noting that where the defendant was sentenced based on the higher offense level associated with a career offender designation, any challenge to a separate offense level adjustment would be moot)); U.S.S.G. § 4B1.1(b) (where the offense level for a career offender is greater than the offense level otherwise applicable, the offense level for a career offender shall apply). As a result, the Court need not decide the merits of Mr. Bridges's first two objections.

### C. Conclusion

For the reasons stated above, the Court OVERRULES Mr. Bridges's objections to the PSR (DE 126) and finds that Mr. Bridges's total offense level is 34 and his criminal history category is VI.

SO ORDERED.

ENTERED: June 2, 2023

                /s/ JON E. DEGUILIO
                Chief Judge
                United States District Court